# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

JODI LUCHETTA, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

    Defendant.

Case No.: 20-cv-151

**AMENDED CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Jodi Luchetta is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a foreign limited liability corporation with its principal offices located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

6. Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Mercantile is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Mercantile is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about March 16, 2019, Mercantile mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Bank of America, N.A." A copy of this letter is attached as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, which was used only for personal, family, or household purpose.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A is the first written communication that Defendant sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13. Exhibit A includes the following representations which largely reflect the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

2

14. <u>Exhibit A</u> is a form letter that does not require an envelope because it is a "folded self-mailer." *See Sears, Roebuck & Co. v. United States Postal Serv.*, 134 F. Supp. 3d 365, 370 (D.D.C. Sept. 30, 2015) ("a folded self-mailer is formed from a single sheet of cardstock that is folded once on the right side (the leading edge), addressed on the front, and sealed to make a letter-sized mailpiece.").

15. Folded self-mailers like <u>Exhibit A</u> are eligible for special low postage rates because of the ease of automated processing. *Sears*, 134 F. Supp. 3d at 371.

16. Folded self-mailers like <u>Exhibit A</u> usually use a gumming agent like glue to seal the mailer, which "prevent[s] the open edges from fanning out and jamming high-speed processing equipment." *Sears*, 134 F. Supp. 3d at 371.

17. Where a self-folded mailer is used for a debt collection letter, the letter also must remain sealed to prevents disclosure of the debt and comply with the FDCPA. *See* 15 U.S.C. § 1692c(b).

18. <u>Exhibit A</u> appears to list a "Balance" associated with Plaintiff's alleged debt; however, the "Balance" and other information specific to the alleged debt in question were disclosed in the location on the self-folded mailer where the gumming agent was used to seal the mailer.

19. As a result of the placement of this information and the gumming agent within <u>Exhibit A</u>, it became impossible to determine the name of the creditor once Plaintiff opened the letter.

20. Upon information and belief, Defendant deliberately places this information in a location that makes it impossible to read once the letter is opened, with the express purpose of inducing alleged debtors to either: (1) access their account information online, which requires the

3

consumer to enter an e-mail address and thereby obtain additional contact information for the consumer; and/or (2) contact Defendant's by telephone, whereupon Defendant uses high-pressure tactics to induce alleged debtors into paying the debts Defendant is collecting *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, at *25 (E.D. Penn. Sept. 27, 2012) (plaintiff stated claim that defendant engaged in unfair debt collection practices by sending letters that "required plaintiff to contact defendant to take advantage of a discount, thereby exposing plaintiff to additional pressures of in-person communication.").

21. Plaintiff opened and read Exhibit A.

22. Plaintiff was confused by Exhibit A.

23. The unsophisticated consumer would be confused by Exhibit A.

### *The FDCPA*

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Messerli & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for

standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury

would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26. Misrepresentations of the character, amount or legal status of any debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.*, 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Encore Receivable Management, Inc.*, 18-cv-1484-WED, 2019 U.S. Dist. LEXIS 134377 (E.D. Wis. Aug. 9. 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit*

6

*Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

27. 15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of---the character, amount, or legal status of any debt."

29. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. 15 U.S.C. § 1692g(a) provides that

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt….

## COUNT I – FDCPA

32. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

7

33. By placing critical information specific to the alleged debt in a location where that information would become attached to the self-folded mailer's gumming agent, <u>Exhibit A</u> makes it impossible for the debtor to read that information once the letter was opened.

34. Specifically, because of the defective design of the self-mailer, <u>Exhibit A</u> effectively failed to disclose the amount of Plaintiff's alleged debt.

35. Defendant placed this information in this location with the purpose of inducing alleged debtors to either: (1) access their account information online, which requires the consumer to enter an e-mail address and thereby obtain additional contact information for the consumer; and/or (2) contact Defendant by telephone, whereupon Defendant would engage in high-pressure tactics in order to induce alleged debtors to pay debts that Defendant was collecting, possibly at the expense of payment to other debt collectors who were not engaging in such deceptive conduct.

36. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(1).

## **CLASS ALLEGATIONS**

37. Plaintiff bring this action on behalf of a proposed class, consisting of: (a) all natural persons in the State of Wisconsin, (b) to whom Defendant Mercantile sent a collection letter, in the form of <u>Exhibit A</u> to the complaint in this action, (c) for an alleged debt which was incurred for personal, family, or household purposes, (d) between January 30, 2019 and January 30, 2020, inclusive, (e) that was not returned by the postal service.

38. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

8

Case 2:20-cv-00151-LA   Filed 01/30/20   Page 8 of 10   Document 1

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

40. Plaintiff's claims are typical of the claims of the members of each Class. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the members of the class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

43. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) declaratory relief;

(b) injunctive relief;

(c) actual damages;

(d) statutory damages;

(e) attorneys' fees, litigation expenses and costs of suit; and

(f) such other or further relief as the Court deems proper.

Dated: January 30, 2020

                                                **ADEMI & O'REILLY, LLP**

                                                By: /s/ Mark A. Eldridge

John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN (1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com